UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------- x
                                                    :
United States of America                            :
                                                    :
                  - v -                             :                19 Cr. 672 (WHP)
                                                    :
Andrew Valles,                                      :
                                                    :
                         Defendant.                 :
--------------------------------------------------- x

## SENTENCING MEMORANDUM ON BEHALF OF
## ANDREW VALLES

DAVID PATTON, ESQ.
Federal Defenders of New York, Inc.
Attorney for Defendant
ANDREW VALLES
 52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8737

MARTIN S. COHEN
*Of Counsel*

TO:   GEOFFREY BERMAN
      United States Attorney
      Southern District of New York
      One. St. Andrew's Plaza
      New York, New York 10007
      Attn:   SARAH MORTAZAVI, ESQ.
              Assistant United States Attorney

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

*To be filed under seal*[1]

December 12, 2019

*By ECF and by hand*

Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *United States v. Andrew Valles*, 19 Cr. 672 (WHP)

Dear Judge Pauley:

Andrew Valles well recognizes that failing to register as a sex offender is a serious offense, and he has taken full responsibility for his conduct. Mr. Valles pleaded to this offense soon after being transferred into federal custody; indeed, he sought, through his state counsel in California, to plead to this offense long before he was transferred to New York. Going forward, Mr. Valles will do everything in his power to make amends.

Mr. Valles is currently serving a 13-year term of imprisonment in California, which was imposed in May 2019. While his failure to register is, of course, a separate offense, the Court should factor in the extensive state sentence in determining the appropriate sentence here. Mr. Valles has already received significant punishment based solely on this offense, and I urge the Court to impose a sentence to run wholly concurrently with Mr. Valles' undischarged state term. At the completion of his sentences, Mr. Valles will be subject to five years of intensive post-release supervision. Under the unique circumstances of this case, a wholly concurrent sentence will best satisfy *all* the purposes of sentencing.

---

[1] I respectfully request that the Court file this submission under seal as it contains sensitive information. A redacted version will be filed on ECF.

Honorable William H. Pauley III                                    Page 2
December 12, 2019

Re:     *United States v. Andrew Valles*, 19 Cr. 672 (WHP)

**I.        The standard.**

        The overarching command of Section 3553(a) is that sentences should be
"sufficient, but not greater than necessary" to achieve the basic goals of retribution,
deterrence and rehabilitation. To arrive at such a sentence, district courts are directed to
consider: (1) the nature and circumstances of the offense and the history and
characteristics of the offender; (2) the need for the sentence imposed to provide just
punishment, deterrence, and needed educational and vocational training; (3) the kinds of
sentences available; (4) the Guidelines-range and any pertinent policy statements issued
by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities
among similarly situated defendants; and (6) the need to provide restitution. *See* 18
U.S.C. § 3553(a). In every case, the sentencing court "must make an individual
assessment based on the facts presented." *Gall v. United States*, 128 S.Ct. 586, 597
(2007). [2]

**II.       A concurrent sentence will best satisfy all the purposes of sentencing.**

        **A.      Although Mr. Valles will not receive any federal credit for his time in
                custody, he has already been separately punished for this offense.**

        Mr. Valles will not receive any federal credit prior to the sentencing date, but his
federal incarceratory experience has been difficult and highly punitive: it includes being
hauled cross country, in shackles, over a two-week period, during which Mr. Valles was
held in a variety of facilities with inadequate food and water, nonexistent medical care,
no access to legal counsel, and dreadful conditions of confinement.

        On May 3, 2018, Andrew Valles was arrested by the United States Marshals
based on the California warrant. PSR ¶ 11. Mr. Valles was questioned at the time about
the SORNA violation, and immediately took responsibility for his failure to register as
required. (The Complaint alleging the SORNA violation was filed on  June 1, 2018.)
During the pendency of his state case, Mr. Valles' counsel indicated to the Government
that Mr. Valles was prepared to plead to the SORNA violation, in the hopes that his
sentencing on both offenses could be effectively combined. Mr. Valles pleaded guilty to

------------------------------------------------

[2] The advisory sentencing guidelines-range in this case is 15 to 21 months, based on a
total offense level of 10 and a criminal history category of IV. Because Mr. Valles has an
undischarged 13-year sentence in California, the Commission's policy is that the sentence
in this case may run concurrently, partially concurrently, or consecutively to the
undischarged term in order to "achieve a reasonable punishment for the instant offense."
U.S.S.G. § 5G1.3(d).

Honorable William H. Pauley III                                               Page 3
December 12, 2019

Re:      *United States v. Andrew Valles*, 19 Cr. 672 (WHP)

the California charge on August 27, 2018, and was sentenced on May 15, 2019 to 13
years' imprisonment. PSR ¶ 37.

      On around July 17, 2019, Mr. Valles, who was serving his California state
sentence, was told to pack up. Placed in shackles and handcuffs, Mr. Valles was
transported from Chino, California to the Metropolitan Detention Center in Los Angeles.
Mr. Valles was forced to abandon all of his property in Chino – which included important
personal documents, books and notebooks, glasses, and personal hygiene items. Mr.
Valles remained at the MDC in Los Angeles for around nine days. He was not provided
with a lawyer, and for much of the time could not get answers to even the most basic
questions about what was happening. Around nine days later, Mr. Valles was put on a bus
to the San Bernadino County jail, and from there to the San Diego airport. Throughout
this trip, Mr. Valles remained heavily shackled and handcuffed.

      Mr. Valles flew from San Diego to Oklahoma, where he spent the weekend at the
Grady County Jail. The conditions there were deplorable. Mr. Valles was bleeding from
the shackles digging into his body, but could get no medical care. He ended up ripping
his own shirt to create makeshift bandages. The bathrooms at the jail were unspeakably
dirty; the food was inedible. From Oklahoma, Mr. Valles was again shackled, taken to the
airport, and then flown to Newburgh, New York. Mr. Valles was provided neither food
nor water during the trip. From Newburgh, he was brought by bus to the MDC. On July
31, 2019, about two weeks after he left California, Mr. Valles was presented in the
Southern District of New York on these charges.

      Mr. Valles has now spent over four months at the MDC, which is a highly
restrictive facility where an incarcerated individual *never gets to go outside*, and where
there are few opportunities for a person to engage in the type of positive programming
that would have been available to Mr. Valles in  California. *See generally* Ca. Dep't Corr.
and Rehabilitation, *Rehabilitative Programs and Services*, available at:
https://www.cdcr.ca.gov/rehabilitation/programs/. Mr. Valles has made the best of it.
Among other things, he signed up to assist other inmates by working as a suicide-watch
companion, and enrolled in available classes. *See* PSR ¶ 5.  But while nominally a pre-
trial facility, the environment of the MDC is a highly punitive one.

      In sum, the Court should find that the five months during which Mr. Valles has
been federally incarcerated, which included a nightmarish two-week cross-country trip,
and four months at the MDC, constitutes separate and significant punishment for this
offense. In addition, the Court must impose a five-year term of supervised release. While
its purpose is not punitive, supervised release does significantly curtail a person's liberty,

Honorable William H. Pauley III                                            Page 4
December 12, 2019

Re:      *United States v. Andrew Valles*, 19 Cr. 672 (WHP)

and constitutes a separate sentencing component attributable solely to the SORNA
violation.

> **B.      A concurrent sentence is aligned with the rehabilitative purposes of
> sentencing, and with assisting Mr. Valles reenter the community.**

A sentence that runs wholly concurrently to Mr. Valles' extensive state sentence
will allow Mr. Valles to take better advantage of rehabilitative and reentry programs
made available to those in California state custody. California's Division of
Rehabilitative Programs, which is a branch of its Department of Corrections, offers a
variety of programs aimed at helping a person lay the foundation for their eventual
release, as well as programs that are designed to ease a person's reentry into the
community. *See generally*, Ca. Dep't of Corr., *Rehabilitative Programs and Services*,
available at: https://www.cdcr.ca.gov/rehabilitation/programs/. I have spoken to
colleagues in California, and my understanding is that a federal detainer will preclude
Mr. Valles from participating in many of these programs, and will likely interfere with
Mr. Valles' ability to take advantage of programs that could both shorten his sentence
and assist with reentry (for example, by being transitioned to a halfway house towards
the end of his sentence). *See* 18 U.S.C. § 3553(a)(2)(D) (court shall consider the need of the
sentence to provide educational or vocational training, or other correctional treatment in
the most effective manner). Here, the imposition of a concurrent term of imprisonment
will vastly increase Mr. Valles' opportunities to take advantage of programs designed to
assist with his ultimate release and reentry into the community.

> **C.      The multiple-count analysis of the Sentencing Guidelines provides a
> useful analytical framework.**

The Court can consider how the multiple count analysis of the Sentencing
Guidelines supports the imposition of a concurrent sentence here. While Mr. Valles' state
and federal offenses are separate, Mr. Valles was charged with the federal offense while
his state offense was pending, and his state counsel spoke to the Government in an
attempt to effectively consolidate the two offenses for sentencing purposes.

When a person is sentenced in federal court for more than one offense, the
Guidelines are adjusted based in part on the recognition that a long sentence for one
offense will satisfy many of the purposes of sentencing for a second offense. Thus, under
the grouping analysis set forth in U.S.S.G. § 3D1.4, a second offense will not increase a
person's guidelines-range where it is "9 or more levels less serious than the Group with
the highest offense level." Here, had Mr. Valles been charged federally with both fraud
and the SORNA violation, the SORNA violation would not have increased the

Honorable William H. Pauley III                                                           Page 5
December 12, 2019

Re:       *United States v. Andrew Valles*, 19 Cr. 672 (WHP)

Guidelines-range because it would have been 9 or more levels less serious than the fraud
charge.[3]

      While the SORNA violation would not have increased Mr. Valles sentencing
range had the sentences been consolidated, it would have increased his term of supervised
release, as the SORNA violation carries a mandatory minimum five-year term, while a
fraud offense carries a maximum term of three years. *See* 18 U.S.C. § 3583(b)(2). Here,
the Court will be be imposing the longer term of supervised release.

    **D.**    **Mr. Valles background and characteristics support the imposition of a
concurrent term.**

      Andrew Valles was born in Fresno, California in 1977. Mr. Valles had a very
difficult upbringing, ████████████████████████████████. PSR ¶¶ 52-53.
Andrew left home when he was 15 years old after a terrible confrontation with his
abusive father. *Id.* ¶ 57. Self-driven and resilient, Andrew took classes at Fresno City
College while still in high school, and later audited a wide variety of classes at UC Davis
and UC Berkeley, studying civil engineering, land survey engineering, and mathematics.

      As the letters from Mr. Valles' friends attest, Andrew is a very bright person who
has much to offer:

> ▪ *Jim Peterson* : Over the 17 years of knowing Andrew, I have observed
> him both professionally and personally. He has grown close to my family
> and we consider him a member of our family. He has been kind and loving
> to all of us as well as a wealth of knowledge and support to my wife, son
> and me. . . . I have known Andrew Valles to be a good man, always
> reaching out to people with the clear intent to help and assist them,
> whether it be buying a new pair of shoes for a destitute neighbor,
> providing lodging at his home for a homeless family, helping friends who
> weren't able to pay their cell phone bill, purchasing groceries for others
> who couldn't afford them and repairing electronic equipment for people at
> no charge. *See* Exhibit A.

---

[3] In California, Mr. Valles received a sentence of 156 months, which is analogous under
the federal sentencing guidelines to an offense level of 33 (which results in a range of 151
to 188 months in Criminal History Category II). The base offense level for the SORNA
offense is level 12. *See* PSR p. 5.

Honorable William H. Pauley III                                                      Page 6
December 12, 2019

Re:      *United States v. Andrew Valles*, 19 Cr. 672 (WHP)

- ▪ *Valerie Newbourg* (friend): Ms. Newbourg describes how Mr. Valles provided her with a computer to take classes, and a place to stay when she was trying to escape a bad marriage and a drug problem: "As things continued to get worse at home, I knew it was time to leave the marriage, and hence the drug use, behind. The problem was, I had nowhere to go. Again, Andrew opened his home and let me stay until I could make arrangements to join my parents here in Nevada. Since that time, I have considered Andrew as family. Whenever I have found myself in need, Andrew has done whatever was in his power to help me." *See* Exhibit B.

- ▪ *Barbara Tuttle* (friend): Andrew is one of the most intelligent and interesting people I have ever met. . . . Over the years, I have also known Andrew to be a very caring man, whether it be one on one or in a group setting. I can recall numerous Sunday afternoons where he showed up at Pioneer Park in [Salt Lake City] with other Unity members to feed the homeless. . . . [Andrew is] a loyal and generous friend, as well as a caring and hardworking individual. *See* Exhibit C.

- ▪ *Michael Goldsmith* (friend): Mr. Goldsmith met Andrew while Andrew was volunteering at a soup kitchen: "He presented himself as an energetic young man with a real interest in the good work that was going on. He was clearly very smart and eager to pitch in where ever he was needed. . . . Looking forward to his release, I am prepared to continue to support him not only as his friend but I am willing to help him get back on his feet with a job and any other support I can offer. I know Andrew has made mistakes but I believe in redemption. Once released I am confident that Andrew will work hard, share what he has learned and [be] a valuable and productive member of society." *See* Exhibit D.

Mr. Valles is a complex person. While he has done much good in his life, he has also broken the law. Mr. Valles has taken full responsibility for his conduct, and is now serving an extensive sentence in California. As the letters to the Court make clear, Mr. Valles can be a very positive contributor to those around him, and he is committed to making amends both during his extensive incarceration, and after his release back into the community.

                                             ***

Andrew Valles failure to register as a sex offender is a serious offense. Mr. Valles, has though, already been punished. Solely because of *this* offense, Mr. Valles was

Honorable William H. Pauley III                                    Page 7
December 12, 2019

Re:      *United States v. Andrew Valles*, 19 Cr. 672 (WHP)

hauled cross country, during which he was subject to horrific conditions of confinement
and deprivation of such basis necessities as food and medical care. He has now served
over four months at the highly restrictive MDC in Brooklyn, for which he will not receive
any credit towards this sentence. Moreover, after he completes his sentences, he will be
on federal supervised release for a period of five years. For these reasons and those set
forth above, I urge the Court to impose a sentence to run wholly concurrently to Mr.
Valles undischarged state sentence. Under the unique circumstances of this case, such a
sentence will fundamentally promote respect for the law, as it is best tailored to satisfy all
the purposes of sentencing.

                                             Respectfully submitted,


                                             /s/
                                             Martin S. Cohen
                                             Ass't Federal Defender
                                             Tel.: (212) 417-8737

cc:      Sarah Mortazavi, Esq., by e-mail and ECF
         Mr. Andrew Valles, MDC Register Number 86990-054

Exhibit A

Honorable Judge William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street New York, NY 10007

12.09.19

Dear Judge Pauley,

My name is Jim Peterson. I am an ordained Unity Minister of 43 years. I met Mr. Andrew Valles at the home of an acquaintance in November 2002. I remember coming home from that gathering and telling my wife that Mr. Valles was a most memorable person and probably one of the most intelligent persons I have ever met in my life.

Over the 17 years of knowing Andrew, I have observed him both professionally and personally. He has grown close to my family and we consider him as a member of our family. He has been kind and loving to all of us as well as a wealth of knowledge and support to my wife, son and me.

Andrew attended our services at Unity of Salt Lake in Salt Lake City, Utah. He participated in most of our events and community services including our monthly project of feeding the homeless persons in Pioneer Park. He assisted my wife and me making hot food dishes and hundreds of sandwiches to share with those less fortunate than ourselves.

I have known Andrew Valles to be a good man, always reaching out to people with the clear intent to help and assist them, whether it be buying a new pair of shoes for a destitute neighbor, providing lodging at his home for a homeless family, helping friends who weren't able to pay their cell phone bill, purchasing groceries for others who couldn't afford them and repairing electronic equipment for people at no charge.

To me, Andrew is a man of purpose and intent. He has always reached out a loving hand to me and so many others. I would sincerely ask that his time detained is limited as he truly has much to give society and I would like to see him "get on with it." Andrew has much to offer.

In appreciation of your thought on this matter,

The Reverend Jim R. Peterson, Retired

Exhibit B

Dear Judge William H. Pauley, III:

My name is Valerie Newbourg. I currently live in the small town of Overton, Nevada, where I work in the local thrift store which finances our family resource center. I also assist needy families in applying for services such as TANF and SNAP benefits. I have known Andrew Valles for about 7 years now. We first met during the lowest point in my life. ██████████████, ███████████████████████████████████████████████ ██████████████████████████ I knew it was time to change my life. To this end, I decided to start taking some college courses online. The problem with that was I didn't have a computer capable of running the necessary programs. When I brought this problem to Andrew, he provided me with a computer to start my classes, without asking anything in return. For this, I am forever grateful to Andrew.

████████████████████████████████████████████████ ███████████████████████████████ The problem was, I had nowhere to go. Again, Andrew opened his home and let me stay until I could make arrangements to join my parents here in Nevada.

Since that time, I have considered Andrew as family. Whenever I have found myself in need, Andrew has done whatever was in his power to help me. ████████████████████████████████████████████ ███████████████████████ His has continued to support me in my effects as well as the other aspects of my life. I miss him.

Andrew is one of a very few people I have met who are true my nonjudgmental. He allows you to show him who you are, without judgement. He looked at ████████████ and saw beyond my problems to the person trapped in a bad situation. A person desperate to change.

And he gave me the stepping stone I needed to those changes. I am afraid to think where I might have ended up without his generosity and friendship. The world truly a better place because of his presence in it.

Sincerely,

Valerie Newbourg

Exhibit C

Honorable Judge William H Pauley111
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

November 22, 2019

Dear Judge William H Pauley III

My name is Barbara Tuttle. I am writing to you regarding the
sentencing of Andrew Valles on December 20, 2019 at 12:30 pm.
I met Andrew more than ten years ago in Salt Lake City, through
mutual friends; Reverend Jim Peterson and his wife LaDonna. Jim was the
Unity minister at the church I attended at the time.  I would see Andrew at
Unity and various other church related functions. I would often make a point
to talk with Andrew because I found conversations with him were always so
enlightening. Andrew is one of the most intelligent and interesting people I
have ever met. This man is a wealth of information and I'm certain I have
barely skimmed the surface of his vast intellect.
Over the years, I have also known Andrew to be a very caring man,
whether it be one on one or in a group setting. I can recall numerous
Sunday afternoons where he showed up at Pioneer Park in SLC with other
Unity members to feed the homeless.
Andrew was always right in the middle of it all, being very up front and
personable with those who needed help.
I have attended couple of Art of Living events, where Andrew was
also in attendance. One of the events was a three day Silence Retreat,
wherein we were to maintain a reverence and silence for two out of the
three days of the retreat. Andrew took this silence retreat very seriously.
When he commits to something, he commits all the way. The Art of Living
Foundation is a volunteer based humanitarian and educational non-
government organization (NGO).
I have not been in the presence of Andrew that often in recent years
because he moved to California. But I must say, when he was in SLC, it
was always a pleasure to reunite. In 2014 we happen to both be in New
York City in the same weekend. I called him on a whim to see if he had any
interest in going to the Opera; Aida at the Metropolitan Opera House the
following evening. He got so excited, said he'd love to join me and in kind,
asked me to join him at a lovely French Café in the village prior to the

Opera. Andrew was a gentleman in every way that evening and a real delight to be with.

I ask you, Judge Pauley, to consider these words regarding my friend, Andrew Valles as you evaluate his sentence. Please take the time to see the Andrew I see. A loyal and generous friend, as well as a caring and hardworking individual. With this in mind, I ask you to consider the lowest and reasonable sentence possible. I thank you for your time.

Sincerely,
Barbara Tuttle
2215 E. 3300 S.
Salt Lake City, UT
84109

Exhibit D

# MICHAEL GOLDSMITH

Honorable Judge William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York,NY 10007


November 17th, 2019


Your Honor.


My name is Michael Goldsmith. I am a semi-retired photo journalist. I have spent the bulk of my career traveling and meeting people as I tell human interest stories of all kinds.

In the summer of 2017 I was in New York working on a project with a colleague and researching a story on hunger and homelessness. To that end I was volunteering at a long time favorite good cause, The Holy Apostles Soup Kitchen. I had been involved with them since they recovered from a devastating fire back in the 1900's and have volunteered time and treasure ever since.

 I was functioning as an assistant volunteer coordinator that summer when I met Andrew. He presented himself as an energetic young man with a real interest in the good work that was going on. He was clearly very smart and eager to pitch in where ever he was needed. I then discovered that he was staying with a fellow I know from our core of volunteers. Jimmy, who himself was a pretty good guy. Even though I didn't know that much about Jimmy he was a feisty outgoing guy with pretty high standards  who had the reputation of giving the shirt off his back, a really generous guy.  When I realized that he and Andrew were connected that instantly raised my already favorable opinion of Andrew.

Over time Andrew and I got to know each other. We became friends. I found him to be interesting and funny, well informed with solid and informed opinions. The longer I knew him the more I came to trust his opinions and, on more then one occasion his business advice served me well.

P.O. Box 1103, Church Street Station, New York,NY,10008  mikegoldny@icloud.com

As Andrew and I got to know each other better he began to confide in me. He shared details of his past.  in Andrews case it built character and fueled his desire to go out on his own , to get a good education and be a positive influence in the world.

The more I have gotten to know Andrew and his bold, forward thinking plans that  are not just good business but good for humanity the more I have come to respect and believe in him as a person. Andrew has made mistakes. Mistakes that he has learned from and paid for.

Looking forward to his release, I am prepared to continue to support him not only as his friend but I am willing to help him get back on his feet with a job and any other support I can offer. I know Andrew has made mistakes but I believe in redemption. Once released I am confidence that Andrew will work hard, share what he has learned and a valuable and productive member of society.


Sincerely,

Michael F Goldsmith