UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ANDREW VALLES,                                                         :
                                                                       :
                            Petitioner,                                :     19 Cr. 672 (JPC)
                                                                       :     20 Civ. 7835 (JPC)
            -v-                                                        :
                                                                       :     ORDER
UNITED STATES OF AMERICA,                                              :
                                                                       :
                            Respondent.                                :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

     On September 23, 2021, Andrew Valles moved to stay his 28 U.S.C. § 2255 motion to vacate his conviction for failing to register as a sex offender, pending a decision from the United States District Court for the District of Utah on his 28 U.S.C. § 2254 habeas petition. Dkt. 30 ("Motion").[1] That Utah habeas petition seeks to vacate his 2004 state court convictions for two counts of lewdness involving a child and two counts of attempted dealing in harmful material to a minor. *See* Dkt. 32 at 3-4; Dkt. 1 ¶ 3. Valles completed his term of imprisonment for those convictions in July 2006. Presentence Investigation Report ("PSR") ¶¶ 10, 29; Dkt. 1 ¶ 3. But he also had to serve 36 months of probation, register as a sex offender for ten years with the Utah Sex and Kidnap Offender Registration Program, and register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). PSR ¶¶ 10, 29; Dkt. 1 ¶ 3.

     Yet Valles failed to register as a sex offender after moving to multiple different states. PSR ¶¶ 9-14. On July 15, 2019, while in custody on charges out of California, Valles was arrested on a criminal complaint filed in this District for failure to register as required by SORNA. *Id.* ¶¶ 11-14.

---

[1] All cites to the docket are to the criminal docket, *United States v. Valles*, No. 19 Cr. 672 (JPC) (S.D.N.Y.).

He then pleaded guilty before the Honorable William H. Pauley III on September 13, 2019, to violating 18 U.S.C. § 2250 by traveling from Utah to New York, where he resided, without registering as a sex offender in either location as required. *Id.* ¶¶ 2-3.  On December 20, 2019, Judge Pauley sentenced Valles to nine months' imprisonment.  Dkt. 16 at 1-2.  Valles now challenges that conviction in his section 2255 motion.  *See* Motion.  But Valles seeks to stay that section 2255 motion because he claims that if his Utah petition succeeds, that he will seek to amend his section 2255 motion to assert an actual innocence claim.  *Id.* ¶¶ 2-3.  Valles has clarified that he does not, however, seek to amend his section 2255 motion at this time.  *Id.*; Dkt. 32 at 1.

Four factors guide whether the Court should deny a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  All four factors point toward denying the stay.

First, Valles has failed to make a strong showing that he is likely to successfully vacate his Utah convictions.  For one, to bring a section 2254 habeas petition, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  So a person cannot challenge his state conviction or sentence under section 2254 if "the sentence imposed for that conviction has fully expired at the time his petition is filed." *Id.* at 491.

Here, it is unclear whether Valles has fully served his Utah sentence.  He violated his probation in 2006 and a bench warrant was outstanding as of May 2018.  PSR ¶ 29.  The parties have not, however, told the Court whether Valles is still subject to probation for his 2004 conviction.  It is therefore unclear whether Valles is still subject to probation, which is considered "in custody" for section 2254 purposes.  *See Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016); *United States*

*ex rel. B. v. Shelly*, 430 F.2d 215, 217 n.3 (2d Cir. 1970).  If he is no longer subject to probation for his 2004 conviction, he cannot challenge that conviction: a convicted sex offender subject to registration laws is not in custody because "the future threat of incarceration for registrants who fail to comply with the sex-offender registration statutes is insufficient to satisfy the custody requirement."  *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014) (quotations and alterations omitted); *accord Dickey v. Allbaugh*, 664 F. App'x 690, 692-94 (10th Cir. 2016); *Wilson v. Flaherty*, 689 F.3d 332, 336-37 (4th Cir. 2012);  *Hautzenroeder v. Dewine*, 887 F.3d 737, 744 (6th Cir. 2018); *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008); *Leslie v. Randle*, 296 F.3d 518, 521-22 (6th Cir. 2002); *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999); *Williamson v. Gregoire*, 151 F.3d 1180, 1182-85 (9th Cir. 1998); *see also Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) (per curiam).[2]

But even if Valles is still in custody under section 2254, his habeas petition is untimely.  Under 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply" to a state prisoner's application for a writ of habeas corpus in federal court.  That one-year clock typically starts when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  Valles's conviction thus became final back in 2004 after he failed to file his notice of appeal "within 30 days after the date of entry of the judgment."  Utah R. App. Proc. 4(a).  And Valles does not appear to have viable claims that fall within an exception to the statute-of-limitation requirement, such as equitable tolling or actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 391-94 (2013) (recognizing these exceptions to the one-year requirement).

---

[2] While the Second Circuit has not yet decided this issue, Tenth Circuit precedent will bind the Utah court.  In any event, district courts within the Second Circuit have recognized that a person does not remain custody just because they are subject to sex offender registration requirements.  *See, e.g.*, *Fowler v. Fischer*, No. 18 Civ. 2769 (HBP), 2019 WL 2551766, at *5 (S.D.N.Y. May 30, 2019), *report and recommendation adopted*, No. 18 Civ. 2769 (ER), 2019 WL 2544472 (S.D.N.Y. June 20, 2019); *Rodriguez v. Att'y Gen.*, No. 10 Civ. 3868 (PGG), 2011 WL 3875328, at *3-5 (S.D.N.Y. Sept. 2, 2011); *Davis v. Nassau Cty.*, 524 F. Supp. 2d 182, 187-89 (E.D.N.Y. 2007).

Second, Valles will not be irreparably injured absent a stay.  If Valles succeeds in vacating his Utah conviction, he could then try to seek relief based on actual innocence.  *See id.* at 392 ("[A] prisoner otherwise subject to defenses of abusive or successive use of the writ [of habeas corpus] may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." (quotations omitted)).  Lastly, the third and fourth factors suggest denying the motion "[b]ecause collateral challenges [under section 2255] are in tension with society's strong interest in the finality of criminal convictions."  *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).  The public interest thus weighs in favor of the Court quickly deciding whether Valles overcame the "rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  *Id.* (quotations omitted).  And if this Court later finds that it needs to hold a hearing on Valles's ineffective assistance of counsel claims, a delay would prejudice the Government because, as the Government notes, "memories fade and witnesses may become unavailable."  Dkt. 33 at 4.

The Court therefore denies Valles's motion to stay his section 2255 motion.  The Clerk of the Court is respectfully directed to close the motions pending at Docket Numbers 30 and 32.

SO ORDERED.

Dated: November 8, 2021
      New York, New York

                                      JOHN P. CRONAN
                                   United States District Judge