LAW OFFICES
# David Wikstrom
250 WEST 55TH STREET, 17TH FLOOR
NEW YORK, NY 10019

E-MAIL: DAVID@DAVIDWIKSTROM.COM

WWW.DAVIDWIKSTROM.COM

TELEPHONE: (212) 248-5511

FACSIMILE: (212) 248-2866

Jan. 22, 2026

The Court grants Mr. Wikstrom's motion to withdraw given the breakdown of his attorney-client relationship with Mr. Valles. The Clerk of Court is respectfully directed to close Docket Number 59.

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED.
January 22, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

Re:  United States v. Andrew Valles
     19 CR 672 (JPC)

Dear Judge Cronan:

By this letter motion, I respectfully move to be relieved as counsel to Mr. Valles.

Yesterday afternoon I received, among many other documents, Mr. Valles's *pro se* "Courtesy Notice to Chambers," which consisted of Mr. Valles' motion for substitute counsel, or in the alternative, permission to proceed *pro se,* along with a memorandum of my meeting with Mr. Valles on Jan. 13, 2026. The document states at the outset that it is "not intended for filing, serving or docketing." In light of that preamble, I do not believe the Courtesy Notice constitutes a waiver of the attorney-client privilege. As I am Mr. Valles's attorney of record, I am thus constrained from responding to the contents of the document.

Nevertheless Mr. Valles is correct that my advice and his objectives are "not aligned." I further believe that the various failures and deficiencies on my part that Mr. Valles complains of are evidence of the complete breakdown in an attorney-client relationship. Accordingly, I respectfully more to be relieved as counsel, or in the alternative for the Defendant's request to proceed *pro se* be granted.

The standard for deciding a motion to withdraw as counsel under Local Criminal Rule 1.2 is identical to that under Local Civil Rule 1.4. Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit of otherwise of satisfactory reasons for withdrawal or displacement . . .

The Court has "considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, 10 Civ. 2333 (MEA), 2014 WL 1087934, at *1

(S.D.N.Y. Mar. 19, 2014) (internal quotation marks and citations omitted). "In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F.Supp.3d 441, 444-45 (S.D.N.Y. 2014) (internal quotation marks and citations omitted); see also Whiting v. Lacara, 187 F.3d 317, 320-21 (2d Cir. 1999). Sufficient reasons for withdrawal include a breakdown in the attorney-client relationship, including lack of cooperation between attorney and client, lack of communication, or "the existence of irreconcilable conflict between attorney and client, " *Farmer*, 60 F.Supp.3d at 445 (internal quotation marks and citations omitted and collecting cases). "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 AKH JCF, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (internal quotation marks omitted and collecting cases).

For these reasons, I respectfully move to be relieved as counsel. Thanking the Court in advance for its consideration and attention, I am

Sincerely yours,

David Wikstrom