UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
                                                          :
                                                          :
            -v-                                           :            19 Cr. 672 (JPC)
                                                          :
                                                          :            <u>ORDER</u>
ANDREW VALLES,                                            :
                                                          :
                      Defendant.                          :
                                                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Since December 11, 2025, Defendant Andrew Valles has filed a series of *pro se* motions, including challenges to the condition of his supervised release requiring him to take a polygraph test as part of an outpatient sex offender treatment program. *See* Dkts. 51, 54, 62, 64. The Government responded to his motions on January 30, 2026. Dkt. 65.

For the avoidance of doubt, all conditions of Defendant's supervised release remain in place, including the requirement to "abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing . . . ." Dkt. 16 (Judgment entered on December 20, 2019) at 5. The Second Circuit has upheld polygraph testing as a permissible condition of supervised release where warranted, and it has stated that polygraph testing can further sentencing goals such as rehabilitation and deterrence, "without excessive deprivations of liberty." *United States v. Johnson*, 446 F.3d 272, 278 (2d Cir. 2006). In *Johnson*, the Second Circuit rejected arguments that polygraph testing is impermissible due to its "arguable or occasional unreliability." *Id.* at 277. Nor does a polygraph-testing condition violate the Fifth Amendment, as "the defendant retains the right to later challenge any resulting self-incrimination in court." *United States v. Boles*, 914 F.3d 95, 112 (2d Cir. 2019); *accord Johnson*, 446 F.3d at

278-80.

The Court accordingly denies Defendant's motions to declare polygraph testing non-compulsory and to stay enforcement of the conditions of his supervised release, Dkts. 51, 62.

The Clerk of Court is respectfully directed to close Docket Numbers 51 and 62 and to mail a copy of this Order to Andrew Valles, c/o Michael Goldsmith, P.O. Box 1103, Church Street Station, New York, NY 10008-1103.

SO ORDERED.

Dated: February 3, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2